IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JAMES HARRY RAND,**

        Petitioner,

v.

                                                          **Civil Action No. 2:11cv51**
                                                          **(Judge Bailey)**

**TERRY O'BRIEN, Warden**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On July 11, 2011, the *pro se* petitioner filed a "Notice and Demand for Discharge of Judgment." The pleading was docketed as a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. On July 11, 2011, the Clerk of Court sent the petitioner a Notice of Deficient Pleading which advised him that he must either pay the $5.00 filing fee or submit an application to proceed without prepayment of fees. On July 12, 2011, the Clerk of Court sent the petitioner an Amended Notice of Deficient Pleading which advised him that he also must submit his petition on the Court's approved form. On July 28, 2011, the petitioner submitted his petition on this court's approved form. On August 8, 2011, the undersigned issued the petitioner a Show Cause Order advising him that he had fourteen (14) days to show cause why his case should not be dismissed for failure to pay the $5.00 filing fee or submit his application to proceed without prepayment of fees. On August 23, 2011, the respondent filed his response to the show cause order in which he stated that "this transaction shall not be dismissed because a 'PENAL BOND' has been issued and accepted by the Court and the DEPARTMENT OF THE UNITED STATES TREASURY for

discharge of the JUDGMENT in case number 01-cr-1069-6 derived from the UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS-CHICAGO." (Dckt.# 13, p.1). To date, the petitioner has yet to pay the $5.00 filing fee or submit his application to proceed without prepayment of fees.

## II. FACTS

**A.     Conviction and Sentence**

On November 14, 2005, following a jury trial in the Northern District of Illinois, the petitioner was convicted of Aid and Abet the Murder of a Person to Prevent the Communication of Information to a Judge in violation of 18 U.S.C. § 1512(a)(1)(C) and Conspiracy to Assist a Person in Failing to Appear for a Court Hearing in violation of 18 U.S.C. § 371. On April 26, 2006, the petitioner was committed to the custody of the United States Bureau of Prisons to be imprisoned for a total uninterrupted term of Life on Count One and Five years as to Count II to run concurrent. On April 6, 2007 the Court of Appeals for the 7th Circuit affirmed the judgment of the district court. It does not appear that the petitioner filed a Motion under 28 U.S.C. § 2255. See Criminal Docket For Case #1:01-cr-01069-6.[1]

## III. ANALYSIS

A district court should construe *pro se* petitions liberally, no matter how unskillfully pleaded. See Haines v. Kerner, 404 U.S. 519, 520 (1972). "Although the pleading requirements are construed liberally, '[l]iberal construction has its limits, for the pleading must at least set forth sufficient information for the court to determine whether some recognized legal theory exists upon which relief could be accorded the pleader. If it fails to do so, a motion under Rule 12(b)(6) will be granted.' 2 Moore's Federal Practice § 12.34[1][b], at 12-60 (3d ed)." Minone v. McGrath, 435

---

[1] The docket is available for viewing on PACER.

F.Supp. 2d 266 (S.D.N.Y. 2006).

The petitioner's motion is unintelligible. It appears that he contends that he has been imprisoned for debt in prohibition of the Thirteenth Amendment to the United States Constitution which prohibits slavery or involuntary servitude. The petitioner also alleges that involuntary servitude constitutes "imprisonment for debt." The petitioner argues that the "Magistrate Judge of [t]his Court has a ministerial duty to DISCHARGE said Judgment and debt in accord with 28 U.S.C. §§ 2007, 2717, 3206, 3201(d), 3008 and 28 U.S.C. § 2041." (Doc. 1, p. 1). The petitioner maintains that he has delivered the "Penal Bond" to the Secretary of the Treasury. For relief, the petitioner seeks an "ORDER FOR IMMEDIATE RELEASE SHALL ISSUE FORTHWITH FOR THE DEFENDANT JAMES HARRY RAND 993335-024 and this Creditor, Attorney-in-Fact for Defendant, whom has been utilized as a surety for DEFENDANT contrary to the HOLD HARMLESS AND INDEMNITY AGREEMENT..." (Dckt.1, p. #). In summary, the petitioner rambles incoherently and does not assert factual allegations which would give rise to a valid basis for relief which this Court has the authority to grant.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Petition (Doc. 1) be **DENIED AS UNINTELLIGIBLE** and **DISMISSED WITH PREJUDICE.**[2]

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A

---

[2] Were the undersigned able to glean any intelligible argument in support of § 2241 relief, a recommendation would have been made to dismiss without prejudice for failure to prosecute in light of the petitioner's failure to pay the $5 filing fee or submit an application to proceed without prepayment of fee.

copy of any objections shall also be submitted to the Honorable John Preston Bailey, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: 2-27-2012

DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE